FILED
7/14/2022 11:10 AM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Victoria Angeles
Bexar County - 131st District Court

CAUSE NO. 2022CI13158

| | | |
|---|---|---|
| JUSTIN DELGADO | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | BEXAR COUNTY, TEXAS |
| | § | |
| LG FOX, INC. and | § | |
| RONNIE COLLETT | § | |
| *Defendants.* | § | \_\_\_\_ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND,
AND RULE 193.7 NOTICE**

COMES NOW, JUSTIN DELGADO, Plaintiff in the above-styled and numbered cause of action, complaining of LG FOX, INC. and RONNIE COLLETT ("Defendants"), and in support thereof, would show unto this Honorable Court the following:

### I.    DISCOVERY CONTROL PLAN

1.1    Pursuant to Texas Rules of Civil Procedure 190.1 and 190.4, the discovery of this case is to be conducted under Discovery Control Plan Level 3.

### II.    PARTIES

2.1    Plaintiff JUSTIN DELGADO ("Plaintiff DELGADO") is a resident of Bexar County, Texas.

2.2    Defendant LG FOX, INC. ("Defendant LG FOX") is a foreign corporation existing under the laws of the Commonwealth of Kentucky and authorized to conduct business in the State of Texas. Defendant may be served with process by delivering in person or mailing by registered or certified mail, return receipt requested, a true copy of the citation and petition to its registered agent: **National Registered Agents, Inc., 1999 Bryan Street, Suite 900, Dallas, Texas 75201,** or wherever they may be found.

Copy from re:SearchTX

2.3	Defendant RONNIE COLLETT ("Defendant COLLETT") is an individual resident of the Commonwealth of Kentucky. Pursuant to Texas Rules of Civil Procedure 106(a)(1) and/or (2), Defendant may be served with process by delivering in person or mailing by registered or certified mail, return receipt requested, a true copy of the citation and petition at his place of residence: **11555 Main Street, Jeffersonville, Kentucky 40337,** or wherever he may be found through the Chairman of the Texas Transportation Commission.

### III.   REQUEST PURSUANT TO RULE 28 FOR SUBSTITUTION OF TRUE NAME

3.1	To the extent that the above-named Defendants are conducting business pursuant to a trade name or assumed name, then relief is sought against them pursuant to the terms of Rule 28 of the Texas Rules of Civil Procedure, and Plaintiff hereby demands upon answering this suit, that the Defendants answer in their correct legal and assumed names.

### IV.   JURISDICTION & VENUE

4.1	This Court has jurisdiction in this cause since the damages to Plaintiff are within the jurisdictional limits of this Court.

4.2	Pursuant to Sections 15.001 et seq. of the Texas Civil Practice and Remedies Code, all or a substantial part of the events or omissions giving rise to the claim occurred in Bexar County. Further, this venue is proper because it best serves the convenience of the parties and witnesses as well as the interests of justice.

4.3	Plaintiff has satisfied all conditions precedent to bringing this lawsuit.

4.4	Plaintiff did nothing to cause or contribute to this occurrence.

4.5	Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks recovery of damages for monetary relief over $1,000,000. In the alternative, Plaintiff seeks recovery of damages for monetary relief under $1,000,000, but in excess of $250,000.

Copy from re:SearchTX

### V. AGENCY

5.1     Whenever in this Petition it is alleged that Defendants did any act or thing, it is meant that Defendants' officers, agents, servants, employees, or representatives did such an act or thing and that at the time such act or thing was done, it was done with the full authority or ratification of or by Defendants, or was done in the normal and routine course and scope of employment or official duties and in furtherance of the duties of their office or employment of Defendants' officers, agents, servants, employees, or representatives.

### VI. FACTS

6.1     On July 13, 2021, Plaintiff DELGADO was hauling a RV with his Dodge Ram 3500 pickup truck and traveling westbound on South Loop 1604 W approaching the intersection of Applewhite Road in Bexar County, Texas. At approximately the same time, Defendant COLLETT was operating a Chevrolet Silverado pickup truck and traveling southbound on Applewhite Road approaching the intersection of South Loop 1604 W. Traffic on Applewhite Road was controlled by flashing red lights, as well as a red "Stop" sign and yellow sign stating "Cross Traffic Does Not Stop." Defendant COLLETT failed to yield the right-of-way and entered the intersection. Plaintiff DELGADO, having no time or space to stop, collided with Defendant COLLETT's truck. As a result of the collision, Plaintiff suffered severe, excruciating, and debilitating personal injuries, including but not limited to headaches, shoulder pain, neck pain with radiculopathy, and lower back pain with radiculopathy.

6.2     At all times material to this lawsuit, Defendant COLLETT was operating the vehicle with the permission of Defendant LG FOX.

6.3     At all times material to this lawsuit, Defendant COLLETT was operating the truck for Defendant LG FOX as its employee and was acting within the course and scope of his

Copy from re:SearchTX

employment with Defendant LG FOX at the time of this incident.

6.4    Deputy Michael Pernell with Bexar County Sheriff's Office investigated the collision and determined Defendant COLLETT disregarded his stop signals and failed to yield the right of way, which were the sole contributing factor causing the collision.

6.5    On July 22, 2021, Plaintiff DELGADO underwent a lumbar spine MRI at Premier Medical Imaging. The imaging revealed a 3 mm disc herniation at L5-S1 with annular tear. The imaging also revealed a disc bulge at L4-5.

6.6    Plaintiff DELGADO underwent lumbar epidural steroid injections performed by board-certified orthopedic surgeon, Sanjay Misra, M.D. As Plaintiff DELGADO failed conservative treatment and injections, surgical intervention was recommended.

6.7    On February 14, 2022, Plaintiff DELGADO underwent the recommended lumbar microdiscectomy. Dr. Misra performed the surgery at Texas Vista Medical Center.

6.8    On July 22, 2021, Plaintiff DELGADO underwent a cervical spine MRI at Premier Medical Imaging. The imaging revealed a 4 mm disc herniation at C5-6 that contacted the thecal sac.

6.9    Plaintiff DELGADO underwent cervical epidural steroid injections performed by Dr. Misra.

6.10   Plaintiff DELGADO continues to undergo medical treatment due to injuries sustained as a result of the collision of July 13, 2021, which is the basis of this lawsuit.

6.11   The injuries and medical treatment described herein were proximately caused by the collision of July 13, 2021, which is the basis of this lawsuit.

6.12   In the alternative, Plaintiff DELGADO's preexisting injuries and/or conditions, if any, were aggravated and made worse by the collision of July 13, 2021. The collision of July 13,

Copy from re:SearchTX

2021 proximately caused the aggravation of Plaintiff DELGADO's preexisting injuries and/or conditions.

### VII.    NEGLIGENCE OF DEFENDANT RONNIE COLLETT

7.1    The incident made the basis of this lawsuit resulted from the improper conduct of Defendant COLLETT. The conduct of Defendant COLLETT constituted negligence and/or negligence *per se* as those terms are understood in law and such negligent conduct was a proximate cause of the occurrence, injuries, and damages to Plaintiff made the basis of this suit.

7.2    Defendant COLLETT had a duty to exercise ordinary care and to operate his vehicle in a reasonable and prudent manner. Defendant COLLETT breached his duty of care. His negligent actions and/or omissions include, but are not limited to, one or more of the following non-exclusive particulars:

a. failing to stop when approaching an intersection with a stop sign in violation of Tex. Transp. Code § 544.010;

b. failing to yield the right-of-way at a stop sign in violation of Tex. Transp. Code § 545.151(1)(A);

c. proceeding into an intersection when unsafe in violation of Tex. Transp. Code § 545.151(a)(2);

d. failing to yield the right-of-way at a stop sign wherein a vehicle was approaching so closely to the intersection as to be an immediate hazard to the Defendant's movement in or across the intersection in violation of Tex. Transp. Code § 545.153;

e. driving at a speed greater than is reasonable and prudent under the circumstances then existing in violation of Tex. Transp. Code § 545.351(a);

f. driving at a speed greater than is reasonable and prudent, with regard to actual and potential hazards then existing, to avoid colliding with another vehicle on the highway in violation of Tex. Transp. Code § 545.351(b);

g. driving his vehicle recklessly in violation of the Tex. Transp. Code § 545.401;

Copy from re:SearchTX

      h.      failing to apply the brakes properly and/or timely;

      i.      failing to maintain a proper lookout;

      j.      failing to take proper evasive action;

      k.      failing to operate his vehicle in a safe manner;

      l.      driving while distracted;

      m.      failing to operate his vehicle as a person of ordinary prudence would have in the same or similar circumstance; and/or

      n.      other acts of negligence and/or negligence *per se*.

7.3    One, some, or all of the foregoing acts and/or omissions or others on the part of Defendant COLLETT constituted negligence and/or negligence *per se*. Such negligence was a proximate cause of Plaintiff's injuries and damages. Plaintiff was also within the class of people sought to be protected by the statutes Defendant violated, and Plaintiff's injuries were of the type these statutes were designed to prevent.

## VIII.   NEGLIGENCE OF LG FOX, INC.

8.1    At all times material to this lawsuit, Defendant LG FOX was the employer of Defendant COLLETT under Texas law, and Defendant COLLETT was acting in the course and scope of that employment with Defendant LG FOX. Consequently, Defendant LG FOX is vicariously liable to Plaintiff for the negligent conduct of Defendant COLLETT under the theory of *respondeat superior*.

8.2    The independent conduct of Defendant LG FOX also constituted negligence as that term is known in the law. Such negligent acts and/or omissions include, but are not limited to the following:

      a.      allowing Defendant COLLETT to operate its vehicle even though it knew or should have known he was a reckless or incompetent driver;

Copy from re:SearchTX

    b.    entrusting a vehicle to Defendant COLLETT even though it knew or should have known he was a reckless or incompetent driver;

    c.    failing to properly train Defendant COLLETT in the safe operation of a motor vehicle;

    d.    retaining Defendant COLLETT after it knew or should have known that he was a reckless or incompetent driver;

    e.    failing to establish and enforce safety rules and regulations;

    f.    failing to properly educate, instruct, and supervise the performance of Defendant COLLETT's duties;

    g.    failing to provide proper safety manuals and instructions to employees responsible for safety;

    h.    failing to enforce and ensure compliance of established safety and operational rules and regulations for persons operating its equipment; and/or

    i.    other acts of negligence.

8.3    One, some, or all of the foregoing acts and/or omissions or others on the part of Defendant LG FOX constituted negligence. Such negligence was a proximate cause of Plaintiff's injuries and damages.

## IX.    DAMAGES

9.1    As a result of the incident made the basis of this lawsuit described in the preceding paragraphs and the negligence of Defendants, Plaintiff sustained significant injuries and damages in the past and will, in reasonable probability, sustain these damages in the future.

9.2    Plaintiff respectfully requests that the trier of fact determine the amount of his damages and losses he has incurred in the past and will reasonably incur in the future, as well as the monetary value of these damages, which include, but are not limited to:

    a.    past and future physical pain and suffering and mental anguish;

    b.    past and future disfigurement;

    c.    past and future physical impairment;

Copy from re:SearchTX

   d. past and future medical care expenses;

   e. past and future loss of earning capacity; and

   f. past and future out-of-pocket economic losses.

9.3 Because of all of the above and foregoing, Plaintiff has suffered actual damages in excess of the minimum jurisdictional limits of the Court in which Plaintiff now brings suit.

9.4 Plaintiff seeks both pre-judgment and post-judgment interest as allowed by law, for all costs of court, and all other relief, both in law and in equity, to which he may be entitled.

## X. PRESERVATION OF EVIDENCE

10.1 Plaintiff hereby requests and demands that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefrom, including photographs; videotapes; audiotapes; recordings, business or medical records; bills; estimates; invoices; checks; measurements; correspondence; memoranda; files; any item which has been removed from the premises which was involved in the incident; facsimile; email; voicemail; text messages; investigation; cellular telephone records; calendar entries; and any electronic image, data, or information related to Plaintiff, the referenced incident, or any damages resulting therefrom. Failure to maintain such items will constitute spoliation of the evidence.

## XI. JURY DEMAND

11.1 Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff respectfully requests and demands a trial by jury. The appropriate jury fee is tendered with the filing of this pleading.

Copy from re:SearchTX

## XII.   RULE 193.7 NOTICE

12.1   Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to Defendants that any and all documents produced may be used against the Defendants producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited in terms of law to appear and answer herein, that upon final trial and hearing hereof, that Plaintiff recovers damages in accordance with the evidence, that Plaintiff recovers costs of court herein expended, that Plaintiff recovers interest to which Plaintiff is justly entitled under the law, and for such other further relief, both general and special, both in law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**JIM S. ADLER & ASSOCIATES**

**Langdon "Trey" Smith**
State Bar No. 00797456
lsmith@jimadler.com
**Frank Robertson**
State Bar No. 24033129
frobertson@jimadler.com
**Travis J. Grefenstette**
State Bar No. 24120866
tgrefenstette@jimadler.com
1900 West Loop South, 20th Floor
Houston, Texas 77027
Tel: (713) 735-2114
Fax: (713) 781-2514
**Attorneys for Plaintiff**

Copy from re:SearchTX

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lauren Chandler on behalf of Langdon Smith
Bar No. 797456
LChandler@jimadler.com
Envelope ID: 66316281
Status as of 7/14/2022 11:49 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Langdon Smith | | lsmith@jimadler.com | 7/14/2022 11:10:33 AM | SENT |
| Michael Gomez | | mgomez@jimadler.com | 7/14/2022 11:10:33 AM | SENT |
| Travis Grefenstette | | TGrefenstette@jimadler.com | 7/14/2022 11:10:33 AM | SENT |
| Maria Herrera | | mherrera@jimadler.com | 7/14/2022 11:10:33 AM | SENT |
| Adrian Moreno | | amoreno@jimadler.com | 7/14/2022 11:10:33 AM | SENT |
| Lauren Chandler | | LChandler@JimAdler.com | 7/14/2022 11:10:33 AM | SENT |

Copy from re:SearchTX